**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ASHLEIGH DEES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-2885-L** |
| | § | |
| BIKRAMJEET SINGH and CHARGER LOGISTICS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Ashleigh Dees' Motion to Remand, filed November 17, 2017. (Doc. 9). After careful review of the motion, response,* record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.  Procedural and Factual Background**

On August 31, 2017, Plaintiff Ashleigh Dees ("Plaintiff" or "Ms. Dees") originally filed this action in the 101st Judicial District Court of Dallas County, Texas, against Bikramjeet Singh ("Mr. Singh") and Charger Logistics, Inc. ("Charger") (collectively, "Defendants"). Ms. Dees seeks monetary damages for personal injuries she allegedly sustained in a motor vehicle accident that involved her and Mr. Singh. The accident occurred in Garland, Texas, on December 24, 2015. According to Plaintiff's Original Petition ("Petition"), Mr. Singh's vehicle, an 18-wheeler, struck her vehicle from behind, causing her to suffer injuries. She sues Mr. Singh for negligence and

---

* Plaintiff Ashleigh Dees did not file a reply to Defendant Bikramjeet Singh's response.

**Memorandum Opinion and Order – Page 1**

sues Charger, Mr. Singh's employer, under theories of negligent entrustment, respondeat superior, negligence, and gross negligence.

Mr. Singh removed the state court action to federal court on October 19, 2017, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest. For this reason, he contends that removal is proper under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. Notice of Removal ("Notice") 1-3 (Doc. 2).

In her motion to remand, Ms. Dees contends that Defendant Singh's Notice does not address the citizenship of Charger at all and, therefore, complete diversity of citizenship has not been established. She further contends that, although Defendant Singh's Notice asserts that Charger has consented to the removal, there is no filing or written confirmation that Charger has consented to the removal. In other words, Plaintiff contends that unanimity of consent has not been established.

The court now sets forth or summarizes key facts regarding the pending motion. Mr. Singh was served on October 4, 2017, and he filed his answer on October 16, 2017. Charger was served on October 11, 2017, and filed its answer on November 6, 2017, after the action was removed. As previously stated, Mr. Singh removed the action to federal court on October 19, 2017. On December 1, 2017, after the action had been removed, Charger filed its Confirmation of Consent to Removal ("Confirmation") (Doc. 10).

## II. Subject Matter and Removal Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

**Memorandum Opinion and Order – Page 2**

exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged

**Memorandum Opinion and Order – Page 3**

affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of

> direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. As the amount in controversy is established by the record and is not in dispute, the court will only address the diversity of citizen prong of removal jurisdiction.

### III. Analysis

#### A. Whether Diversity of Citizenship Exists

Mr. Singh's Notice is not a model of pellucid draftsmanship, and Plaintiff is correct in that it does not address the citizenship of Charger. The Notice is totally devoid of any facts or allegations from which the court can determine Charger's citizenship. This failure, however, is not the end of the story. If a party fails to sufficiently set forth facts regarding diversity of citizenship, a court is allowed to overlook such failure as long as there is evidence in the record establishing diversity. *Howery v. Allstate*, 243 F. 3d at 919.

In this action, Charger filed an affidavit on December 8, 2017, from Sumit Goyal. He states in his affidavit that he is familiar with Charger's corporate structure, its place of

**Memorandum Opinion and Order – Page 5**

incorporation, and its principal place of business. He further states that the corporation was incorporated in 2007 in Canada and that its principal place of business is in Mississauga, Ontario, Canada. The affidavit of Mr. Goyal establishes that Mr. Singh was a citizen of India and that Charger was a citizen of Canada at the time this action was filed in state court and when it was removed to federal court. Since Ms. Dees is a citizen of Texas, there is complete diversity of citizenship between the parties. As the diversity requirement has been met and the amount in controversy exceeds $75,000, the court has diversity jurisdiction to entertain this action.

### B. Whether the Removal Was Procedurally Defective

Although the court has diversity jurisdiction to entertain this action, it must now decide whether the removal was procedurally defective because, as Ms. Dees argues, there was not unanimity of consent by Defendants. The court finds the arguments made to the contrary by Defendants problematic, and, for the reasons that follow, determines that the removal by Mr. Singh was procedurally defective.

Title 28 U.S.C. § 1446 prescribes the procedure for removing an action from state court to federal court. This statute provides as follows:

> (a) Generally.—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice or removal. . . .

28 U.S.C. § 1446(a),(b)(2)(A),(B). The requirement under section 1446(b)(2)(A) is referred to as the "rule of unanimity," and under this rule "all defendants to an action [must] either sign the [notice of removal] *or* timely file written consent to the removal." *Powers v. United States*, 783 F. 3d 570, 576 (5th Cir. 2015) (citation omitted). Stated another way, the rule means that all defendants who are "properly joined and served" must either join in the notice of removal or file a consent to the removal within thirty days of service on that defendant. *Id.* at 28 U.S.C. § 1446(b)(2)(B). There is no dispute that this action was removed solely under section 1441(a). The failure to comply with the rule of unanimity makes the removal procedurally defective. *Getty Oil*, 841 F. 2d at 1262. Proper consent for removal must be given within thirty days of service of the state court pleading. *Powers*, 783 F. 3d at 576. The failure to join in or consent properly within the 30-day period renders the removal defective. *Getty Oil*, 841 F. 2d at 1262. As Charger had been properly served on October 11, 2017, eight days before the action was removed, its consent to removal was necessary.

The "removal statutes are to be strictly construed against removal." *Getty Oil*, 841 F.2d at 1263 n.13. Defendant Singh's Notice states: "Singh is a defendant along with Defendant Charger Logistics, Inc. Both Defendants consent to the removal of the action to this Court." Bikramjeet Singh's Notice ¶ 12. The Notice lists the names of Mr. Jeffrey O. Marshall and Ms. Valerie A. Mosman of the law firm Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser") as attorneys on behalf of Mr. Singh *only*. Ms. Mosman signed the Notice. The caption indicates,

however, that Charter is also a defendant. Plaintiff argues that this case should be remanded because Mr. Singh did not obtain the joinder or valid consent of Charger.

The rule of unanimity "simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so*, that it has actually consented to such action.'" *Gillis v. State of Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (quoting *Getty Oil*, 841 F.2d at 1262 n.11) (emphasis in original). In *Getty Oil*, the removing defendant (INA) represented in the removal petition that another defendant, NL, "do[es] not object and consents[s] to this Petition for Removal." The Fifth Circuit determined that this was insufficient because it "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal." 841 F.2d at 1262 n.11.

In response to Plaintiff's Motion to Remand, Defendants argue that because they shared the same attorney—the law firm of Wilson Elser—and the Notice was signed by that attorney, the Notice was actually a joint notice of removal, thereby satisfying the rule of unanimity. Specifically, Defendants state:

> In this instance, Charger had been served but not yet appeared at the time Singh's attorneys filed the Notice of Removal. But, both Singh and Charger are represented by the same undersigned attorneys which unequivocally and affirmatively asserted in the Notice of Removal that both Singh and Charger consent to the removal to federal court. Charger's attorneys can undoubtedly make this representation and assertion pursuant to Rule 11.
>
> . . .
>
> Here, both Charger Logistics and Singh are represented by the same attorneys who have made the unanimous consent of both abundantly clear.

Defs.' Resp. ¶¶ 20, 22. Defendants' argument is unavailing and "begs the question" that Mr. Singh's attorneys had authority to speak on behalf of Charger and represent it at the time the Notice

was filed. The statement in the Notice that "Both Defendants consent to the removal of the action to this Court" is an insufficient indication of Charger's consent to removal or that it joins in the removal.

First, the "consent" or "joinder" violates Federal Rule of Civil Procedure 11, which requires that filings "be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." By its plain language, Rule 11 does not allow one party to make authorizations or representations on behalf of another party. *See Getty Oil*, 841 F.2d at 1262 n.11 ("But while it may be true that consent to removal is all that is required under section 1446, *a defendant must do so itself*.") (emphasis added); *Smith v. Union National Life Ins. Co.*, 187 F. Supp. 2d 635, 641-42 (S.D. Miss. 2001) (noting that "a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney," and that "Fed. R. Civ. P. 11 does not authorize one party to make representations or file pleadings on behalf of another.").

In *Smith*, the court held that where only one of two defendants filed a notice of removal, *even* joint representation of the two defendants did not suffice for consent to remove on behalf of both defendants. *Smith*, 187 F. Supp. 2d 635 at 646 (noting that section 1446 is to be strictly construed, and, therefore, there is no such thing as "implied joinder"). Rather, "an official, affirmative and unambiguous joinder or consent to . . . [the] notice of removal is required." *Id.* at 647. The court further stated: "Even if Union National and United were represented by the same counsel, counsel was required to indicate that he was signing the Notice for United as well as for Union National." *Id.* at 645.

Similarly, in this case, the court determines that the purported consent does not properly demonstrate that Charger consented to the Notice. The Notice is signed by Ms. Mosman of the

**Memorandum Opinion and Order – Page 9**

law firm Wilson Elser *on behalf of Mr. Singh only*. Defendants' assertion that "unanimous consent of both [Defendants] was abundantly clear," Defs.' Resp. ¶ 22, is belied by the record. The Notice is signed on behalf of Mr. Singh only by *his* attorney. The Notice does not state that Wilson Elser was authorized to represent that Charger had consented to or joined in the removal. Had the firm represented both Defendants at the time the action was removed, the Notice simply could have been filed on behalf of both of them, rather than only on behalf of Mr. Singh. Defendants' argument that the same law firm represents both Defendants, which although true now, does not support that such was the case at the time the action was removed. No document was filed at the time of removal that established that the representation of Charger by Wilson Elser was even authorized.

The court does not fathom the relevance or significance of the statement by Defendants that "Charger had been served but not yet appeared at the time Singh's attorney filed the Notice of Removal." Defs.' Resp. to Pl.'s Mot. to Remand 6, ¶ 20. This statement seems to intimate that Charger was not included in the Notice because the deadline for it to appear or otherwise respond was not due, and, therefore, the law firm did not wish to act before that deadline. Such approach, however, is incongruent with existing law. If Wilson Elser actually represented Charger, or was authorized to act on its behalf, nothing prevented Charger from joining in and removing the civil action prior to filing an answer in state court. Federal Rule of Civil Procedure 81(c)(2) expressly allows a defendant to file an answer after removal within specified time periods. This rule necessarily contemplates and recognizes that actions may be removed prior to the filing of an answer in state court.

Second, Charger's Confirmation, filed December 1, 2017, is untimely and of no moment. The Confirmation is an effort to validate or confirm the purported consent or joinder that the court

**Memorandum Opinion and Order – Page 10**

has determined to be improper and invalid. As the purported consent or joinder was not valid, the Confirmation is a legal nullity and cannot breathe life into the purported consent or joinder in the Notice. Moreover, as Charger was served on October 11, 2017, it would have had to file its Confirmation by November 10, 2017; however, the Confirmation was untimely, as it was not filed until December 1, 2017, which is well outside the 30-day period. *Magium v. State Farm Ins. Co.*, 2018 WL 1463353, at *2 (N.D. Miss. Mar. 23, 2018).

The court believes that it should address several other matters relating to the removal, namely, Charger's filing of an answer on November 6, 2017, the lack of exceptional circumstances to justify the untimely removal, and Defendants' "nominal-defendant" argument. The court addresses each in turn.

Charger contends that the filing of its answer effectively equates to consent to remove. The court disagrees. In *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427 (E.D. Tex. 2013), the plaintiff sought to remand arguing that Chevron failed to join or consent to a notice of removal timely filed by Dole. Chevron, in opposition, argued that it consented to removal by filing an answer that did not challenge the court's jurisdiction. Judge Marcia Crone rejected Chevron's argument that filing an answer in federal court constituted consent to removal, stating:

> Courts, however, have regularly rejected the argument that consent is evidenced by filing an answer. *See, e.g,. Spoon v. Fannin Cnty. Comm. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011) (rejecting defendant's argument that the filing of a motion to dismiss after removal was sufficient to evidence consent); *Grigsby v. Kansas City S. Ry. Co.*, No. 12-CV-776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012) ("The mere filing of an answer does not constitute an expression of consent."); *Snead v. Woodbine Prod. Co.*, No. 08-1301, 2008 WL 4610236, at *2 ("While it is true that [Defendant] filed a timely answer to the plaintiff's complaint and that it did not object to the removal with that answer, [Defendant] did not timely file any document expressly consenting to removal."). Moreover, any consent denoted by Chevron's opposition to remand, which was filed outside of the thirty-day time period, is untimely. Therefore, Chevron did not consent to removal.

Id. at 433. The court finds this case illustrative and persuasive, and adopts its reasoning in full. In any event, Charger did not file an answer in federal court to show consent to or joinder in the removal; it filed an answer in this court on November 6, 2017, because none had been filed in state court, and it was required to do so within the time specified in Federal Rule of Civil Procedure 81(c)(2).

Further, exceptional circumstances may permit the filing of a removal even if it is filed more than 30 days after the defendant was sued with the state court petition. *Getty Oil*, 841 F.2d at 1263 n.12 (citing *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986). Charger does not argue that any exceptional circumstances exist, and the court has found none.

Finally, Defendants' argument—that Charger is only a nominal defendant and, therefore, need not join in or consent to the removal—rings hollow. Given that Charger is Mr. Singh's employer and that Ms. Dees sued Charger for negligent entrustment, respondeat superior, negligence, and gross negligence, the court cannot characterize Charger as a nominal defendant in light of the potential liability it faces.

## IV. Conclusion

Although the court has subject matter jurisdiction over this action, for the reasons herein stated, the removal in this case was procedurally defective. Accordingly, the court **grants** Plaintiff's Motion to Remand, and **directs** the clerk of court to remand this action to the 101st Judicial District Court of Dallas County, Texas, from where it was removed. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure.

**It is so ordered** this 31st day of August, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge